### JACKSON v. SIEGFRIED.

#### (Circuit Court, N. D. California. June 27, 1901.)

#### No. 12,732.

1. CUSTOMS DUTIES—CLASSIFICATION—UNUSUAL COVERINGS—TEA CADDIES.

Certain patent tin cases or chests known as "Toohey's Patent Excelsior Tea Caddies," which are used as coverings in the transportation of tea, and which, after having subserved that purpose, are used, and are designed to be used, for other purposes, are subject to the additional duty provided in section 19, Customs Administrative Act June 10, 1890, c. 407, 26 Stat. 139 [U. S. Comp. St. 1901, p. 1924], "for any unusual article or form designed for use otherwise than in the bona fide transportation" of merchandise to the United States.

On application of John P. Jackson, Collector of Customs at the port of San Francisco, to review the decision of the Board of General Appraisers (G. A. 4358), which sustained the protest of the importers against the assessment of duty on imported merchandise.

This case involves the construction of Customs Administrative Act June 10, 1890, c. 407, § 19, 26 Stat. 139 (U. S. Comp. St. 1901, p. 1924), the pertinent part of which reads as follows: "If there be used for covering or holding imported merchandise, whether dutiable or free, any unusual article or form designed for use otherwise than in the bona fide transportation of such merchandise to the United States, additional duty shall be levied and collected upon such material or article at the rate to which the same would be subject if separately imported." The collector classified certain tea caddies as unusual coverings within the meaning of section 19, and assessed an additional duty under the provision for manufactures of metal, in paragraph 193, Schedule C, § 1, Tariff Act July 24, 1897, c. 11, 30 Stat. 151 (U. S. Comp. St. 1901, p. 1645), at 45 per cent. ad valorem; that being the rate to which the articles would have been subjected if imported separately. On protest by the importers against this assessment the Board of General Appraisers found that the caddies in question "were designed for the bona fide transportation of the tea to the United States, and that neither from material, character, or form were they designed to evade duty," and accordingly reversed the decision of the collector. The collector appealed from this decision.

H. S. Foote, U. S. Atty., for the collector.

MORROW, Circuit Judge. Findings: (1) That the articles in question in this case consist of certain tin coverings of tea, to wit, 15 cases or coverings of tea imported by J. C. Siegfried & Co. into the United States, to wit, into the port of San Francisco, from Yokohama,

in the empire of Japan, per steamship Urd. (2) Said cases or coverings of tea are wholly composed and manufactured of light tin, in the form of a tin chest, and the dimensions of each chest are 3 by 2½ by 2 feet, and each chest is capable of containing about 80 pounds of tea, and is used to contain and protect tea in its transportation. (3) The tin cases or coverings of tea in question are known generally in the United States as tea caddies," and, after having subserved the purpose of the transportation and importation of tea, are used as tea caddies, and as such are protected by letters patent entitled "Toohey's Patent Excelsior Tea Caddy," No. 526,511, dated September 25, 1894. (4) Under said letters patent said tin cases or coverings of tea known generally as tea caddies are manufactured with a sliding cover, and, after having subserved the purpose of the importation of tea, are designed to be used, and are used, to retain tea and such like articles as may be placed therein, and are available, and are actually employed, for uses other than and in addition to the transportation of tea. (5) The said tin cases or coverings of tea are not specially provided for in the tariff act of July 24, 1897, c. 11, 30 Stat. 151 (U. S. Comp. St. 1901, p. 1626).

From the foregoing findings of fact I find as a matter of law that the imported articles in question are unusual coverings of tea, and should be classified and assessed for duty as articles wholly composed and manufactured of metal, to wit, tin, and are not specially provided for by the act of July 24, 1897, and as such are subject to a duty of 45 per cent. ad valorem, under paragraph 193, Schedule C, § 1, of Act July 24, 1897, c. 11, 30 Stat. 151 (U. S. Comp. St. 1901, p. 1645), and that the decision of the Board of United States General Appraisers rendered February 7, 1899, at New York, holding that the articles in question are not subject to duty, but are entitled to free entry as coverings of tea, under the provisions of section 19, Customs Administrative Act June 10, 1890, c. 407, 26 Stat. 139 (U. S. Comp. St. 1901, p. 1924), is erroneous, and should be reversed.

It is hereby ordered that judgment be entered accordingly.